UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-11661-RGS

VIVIAN FRAVIEN

v.

MGM FENWAY MUSIC HALL and LIVE NATION

<u>MEMORANDUM AND ORDER</u>

July 28, 2025

STEARNS, D.J.

For the reasons stated below, this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

BACKGROUND

On June 5, 2025, Vivian Fravien, a resident of Roslindale, Massachusetts, filed her self-prepared complaint on the form used for filing civil actions in the Suffolk Superior Court for the Commonwealth of Massachusetts. [ECF No. 1]. Named as defendants are MGM Fenway Music Hall and Live Nation, alleged to be Massachusetts' businesses. [*Id.* at 1].

Plaintiff alleges she left her employment with defendant MGM on October 9, 2022, "due to not being paid [her] tips/weekly hours." [*Id.*]. Plaintiff further alleges that she subsequently "won a settlement of [$]20,000.00 but was only awarded [$]11,000." [*Id.*]. Plaintiff states that her attorney "began communicating [with] MGM and violated attorney/client confidentiality." [*Id.*]. She "believe[s that her] attorney

started working [with] opposing party." [*Id.* at 2]. Plaintiff's housing is subsidized and plaintiff contends that the "false settlement reporting is affecting [her] housing." [*Id.*]. She alleges that her "apartment was broken into and [$]14,000.00 [and other items were] stolen." [*Id.*]. Plaintiff states that her attorney "reached out to several sources such as [plaintiff's] property management, DTA, and family members whom [plaintiff hasn't] spoken to." [*Id.* at 1 - 2]. Plaintiff complains of "retaliation from police reports and break in brought by MGM" and demands "20K plus 100 million for defamation, emotional stress, discrimination [and] retaliation." [*Id.* at 2].

Plaintiff lists on the civil cover sheet accompanying the complaint Superior State Court Docket No "2484CV01332" as a related case[1] and describes her cause of action as for "wage theft / retaliation." [ECF 1-1]. She checked the box indicating that this action is "removed from state court." [*Id.*].

---

[1] The court takes judicial notice of *Fravien v MGM Fenway Music Hall, et al.*, No. 2484CV01332 (filed May 20, 2024 Suffolk Superior Court). *See Wiener v. MIB Group, Inc.*, 86 F. 4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Rodi v. S. New Eng. Sch. of L.*, 389 F.3d 5, 19 (1st Cir. 2004)). In addition, the court takes judicial notice of the lawsuit filed against the *pro bono* attorneys assigned to represent plaintiff in her wage claim against MGM. *See Fravien v Harrinman, et al.*, 2484CV02343 (filed Sept. 4, 2024 Suffolk Superior Court), Unofficial state court dockets are available through https://www.masscourts.org (last visited July 22, 2025).

With the complaint, plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (also referred to as a motion for leave to proceed *in forma pauperis*). [ECF No. 2].

## PRELIMINARY SCREENING

The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The existence of subject-matter jurisdiction 'is never presumed,'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." *Esquilín-Mendoza v. Don King Prods., Inc.*, 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

For the procedures for removal of an action from state to federal court, a plaintiff cannot remove an action to federal court; only a defendant may seek removal. *See* 28 U.S.C. § 1446(a).

In conducting this evaluation of the complaint, the court liberally construes the pleading because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

Given the fact that plaintiff cannot remove to this federal court an action that she filed in state court, the court will treat this action as an original complaint. Even so, the court finds that the complaint should be dismissed for a number of reasons.

The complaint does not allege federal question subject matter jurisdiction under § 1331. Although plaintiff alleges that MGM failed to pay

4

her wages, she has not alleged facts which, if true, would demonstrate that such failure was in violation of federal law.

Moreover, diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. Here, the complaint alleges that all parties are located in Massachusetts, and so this court is without diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Even if jurisdiction existed, this court abstains from exercising jurisdiction to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) referencing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). Said differently, "[u]nder *Younger* principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." *Id.* (citation and quotation omitted).

In addition, to the extent that the underlying judgment in the state court action is final, this court does not have jurisdiction to review and reject a state court judgment. "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases and thus cannot exercise appellate jurisdiction." *Liviz v.*

5

*Howard*, No. 19-CV-10096-PJB, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019). "Pursuant to the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments."'" *Anderson v. Sup. Jud. Ct. of Massachusetts*, Case No. 18-CV-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original). Any decision on the merits here "necessarily requires the Court to undermine [a] state court judgment[], [and therefore] the Court lacks subject matter jurisdiction over [Fravien's] claims." *Id.*

## ORDER

For the foregoing reasons, it is hereby ordered that this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. The Clerk shall terminate the pending motion and enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE